United States District Court

For the Northern District of California

1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5          OAKLAND DIVISION

6

7    CHRISTOPHER CARREA, JR.,

8                    Plaintiff,              No. C 13-3762 PJH (PR)

9       vs.                                  **ORDER OF DISMISSAL**

10   JEFFERY BEARD, et. al.,

11                   Defendants.
     _____/

12          Plaintiff, an inmate at California Men's Colony, has filed a pro se civil rights

13   complaint under 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed with leave

14   to amend and he has filed an amended complaint.

15                              **DISCUSSION**

16   **A.    Standard of Review**

17          Federal courts must engage in a preliminary screening of cases in which prisoners

18   seek redress from a governmental entity or officer or employee of a governmental entity.

19   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28   omitted).  Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he has been improperly classified as a gang member and that the inmate grievance system is ineffective.

The process constitutionally due to an inmate placed in segregation depends on whether the placement is disciplinary or administrative. *Toussaint v. McCarthy*, 801 F.2d 1080, 1099 (9th Cir. 1986), overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995).  In *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003), the Ninth Circuit determined that California's policy of placing suspected gang members in segregation is an administrative decision, undertaken to preserve order in the prison.  When an inmate is placed in segregation for administrative purposes, due process requires only the following procedures:

> Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated.  The prison officials must inform the prisoner of the charges against the prisoner or their reasons for

United States District Court

For the Northern District of California

1  considering segregation.  Prison officials must allow the prisoner to present
2  his views.... [D]ue process [ ] does not require detailed written notice of
   charges, representation by counsel or counsel-substitute, an opportunity to
3  present witnesses, or a written decision describing the reasons for placing the
   prisoner in administrative segregation.

4  *Toussaint*, 801 F.2d at 1100-01 (footnote omitted).

5       Prisoners are entitled to the minimal procedural protections of adequate notice and

6  an opportunity to be heard.  *Bruce*, 351 F.3d at 1287.  In addition to these minimal

7  protections, there must be "some evidence" supporting the decision to place a prisoner in

8  segregated housing.  *Id.* (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)).  The

9  "some evidence" standard sets a low bar, consistent with the recognition that assignment of

10 inmates within prisons is "essentially a matter of administrative discretion," subject to

11 "minimal legal limitations."  *Bruce*, 351 F.3d at 1287 (citing *Toussaint*, 801 F.2d 1080, with

12 respect to the minimal limitations).  A single piece of evidence may be sufficient to meet the

13 "some evidence" requirement, if that evidence has "sufficient indicia of reliability."  *Id.* at

14 1288.

15      In addition, there is no constitutional right to a prison administrative appeal or

16 grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v.*

17 *Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *accord Wolff v. McDonnell*, 418 U.S. 539, 565

18 (1974) (accepting Nebraska system wherein no provision made for administrative review of

19 disciplinary decisions).

20      Plaintiff only sets forth general allegations against the entire prison system.  He

21 states that the entire state prison system has a history of improperly classifying African-

22 Americans as gang members and he himself was improperly classified as a gang member.

23 He provides no details regarding when or where he was classified as a gang member or

24 the evidence that was used.  He also states that the inmate grievance system is ineffective,

25 but provides no specific examples.[1]  In addition, plaintiff is currently incarcerated at

26

27      [1] Plaintiff also feels that prisoners are not given enough money by the prison system
28 when they are released though he has failed to describe how this represents a violation of a
   constitutional right against him.

3

**United States District Court**
For the Northern District of California

1  California Men's Colony which lies within the Central District of California and he describes

2  events that occurred there but does not discuss events in this district.

3  All of these deficiencies where discussed in the court's initial review and plaintiff was

4  instructed to address these issues in the amended complaint.  Plaintiff has again failed to

5  present specific allegations or address what events occurred in this district.  "Under Ninth

6  Circuit case law, district courts are only required to grant leave to amend if a complaint can

7  possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks

8  merit entirely."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); s*ee also*, *Smith v.*

9  *Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe*

10  *v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to

11  amend even if no request to amend the pleading was made, unless it determines that the

12  pleading could not be cured by the allegation of other facts.").  As plaintiff was already

13  granted leave to amend, this appears to be one of those relatively rare cases when to grant

14  plaintiff leave to amend again would be patently futile based on the discussion above.

**CONCLUSION**

16  1.  Plaintiff's motion for an extension of time to file the amended complaint (Docket

17  No. 16) is **GRANTED** and the amended complaint is deemed timely filed.

18  2.  The amended complaint is **DISMISSED** with prejudice for the reasons set forth

19  above.

20  **IT IS SO ORDERED.**

21  Dated: January  31, 2014.

PHYLLIS J. HAMILTON
United States District Judge

23  G:\PRO-SE\PJH\CR.13\Carrea3762.dsm.wpd

4