O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER CARREA, | ) | NO. CV 15-1185-CAS (MAN) |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER DISMISSING |
| v. | ) ) | FIRST AMENDED COMPLAINT WITH |
| JEFFERY BEARD, et al, | ) ) | LEAVE TO AMEND |
| Defendants. | ) ) | |

This is a civil rights action under 42 U.S.C. § 1983, which was commenced in the United States District Court for the Northern District of California and transferred to this court on February 19, 2015.

**BACKGROUND**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint ("Complaint") in the United States District Court for the Northern District of California on September 16, 2013. The District Court screened the Complaint, pursuant to the screening provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), and dismissed it with leave to amend. On December 27, 2013, plaintiff filed a First Amended Complaint. Plaintiff named the following defendants: Jeffrey [sued as Jeffery] Beard, Secretary of the California Department of

Corrections and Rehabilitation; Warden E. Valenzuela; Associate Warden J.A. Ingwerson; Captain D. Curry; Correctional Counselor II J. Gibbons; Correctional Counselor I. D. Shriver; J. Simmons; and J. Long.

On January 31, 2014, the District Court screened the First Amended Complaint under the PLRA, and dismissed the case with prejudice. Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. On December 18, 2014, the Ninth Circuit affirmed the dismissal in part, vacated it in part, and remanded the case. Specifically, the Ninth Circuit found that the District Court had dismissed the action without addressing plaintiff's claim for deliberate indifference to his serious medical needs. The Ninth Circuit remanded the action "with instructions to address the deliberate indifference claim in the first instance and, if warranted, to provide [plaintiff] with leave to amend as to that claim." The Ninth Circuit affirmed the dismissal of all other claims.

Upon remand, the District Court for the Northern District of California issued an order to show cause to ascertain where the events giving rise to plaintiff's medical claim occurred and which defendants were involved. In a response filed on February 6, 2015, plaintiff stated that the events occurred at the California Institute for Men, California Men's Colony, and California Rehabilitation Center at Norco, prisons located in the Central District of California. He stated that the defendants were Secretary Beard "and the entire medical staff," and also mentioned Governor Brown, a non-party. The District Court then transferred the action to this judicial district.

**STANDARD OF REVIEW**

Congress has mandated that courts perform an initial screening of civil rights actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity. The Court "shall" dismiss a prisoner civil rights action if the Court concludes that the complaint is frivolous, malicious, fails

2

to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

In screening a *pro se* civil rights complaint, the Court must construe its allegations liberally and must afford the plaintiff the benefit of any doubt.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012).  The standard applicable on screening is the standard for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Id*.  The complaint need not contain detailed factual allegations, but must contain sufficient factual matter to state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  If a complaint is dismissed, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Weilburg v. Shapiro, 488 F.2d 1202, 1205 (9th Cir. 2007); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

The Ninth Circuit affirmed the dismissal of all claims in the First Amended Complaint except the deliberate indifference/medical claim.  Thus, this screening order will address solely plaintiff's medical claim and the factual allegations underlying that sole remaining claim.  All other claims have been dismissed and are no longer part of this case.

The state must provide medical care to prisoners, because their incarceration has deprived them of the ability to secure medical care for themselves.  Estelle v. Gamble, 429 U.S. 97, 103 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Failure to provide medical care may violate the Cruel and Unusual Punishment Clause of the Eighth Amendment if it amounts to deliberate indifference to a prisoner's serious medical needs.  Estelle, 429 U.S. at 104.  A determination of "deliberate indifference" involves an examination of two elements:  the seriousness of the prisoner's medical need; and the nature of the defendant's response to that

1  need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by*
2  WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).  A serious medical
3  need exists if failure to treat the condition could result in further significant injury or the
4  unnecessary and wanton infliction of pain.  McGuckin 974 F.2d at 1059.  Indications that an
5  inmate has a serious medical need include "[t]he existence of an injury that a reasonable doctor
6  or patient would find important and worthy of comment or treatment; the presence of a medical
7  condition that significantly affects an individual's daily activities; or the existence of chronic and
8  substantial pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting McGuckin
9  974 F.2d at 1059-60).

11  Deliberate indifference requires that defendants purposefully ignore or fail to respond to
12  the prisoner's pain or medical need. McGuckin, 974 F.2d at 1060. Deliberate indifference "may
13  appear when prison officials deny, delay or intentionally interfere with medical treatment, or it
14  may be shown in the way in which prison physicians provide medical care." *Id.* at 1059; *see*
15  Estelle, 429 U.S. at 104-05.  Prison officials may be deliberately indifferent if they "denied
16  treatment because [the plaintiff]'s medical need conflicted with a prison policy, not because non-
17  treatment was a medically acceptable option."  Colwell, 763 F.3d at 1070. However, an
18  inadvertent or negligent failure to provide medical care does not constitute deliberate indifference.
19  Estelle, 429 U.S. at 105-06. "Thus, a complaint that a physician has been negligent in diagnosing
20  or treating a medical condition does not state a valid claim of medical mistreatment under the
21  Eighth Amendment." *Id.* at 106.

23  As a general matter, a difference of opinion between an inmate and medical staff, or
24  among the inmate's physicians, as to the nature of appropriate medical treatment is insufficient,
25  as a matter of law, to constitute deliberate indifference. *See* Toguchi v. Chung, 391 F.3d 1051,
26  1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891
27  F.2d 240, 242 (9th Cir. 1989). An inmate asserting a deliberate indifference claim against medical
28  personnel must show that they chose, in conscious disregard of an excessive risk to the inmate's

health, a course of treatment medically unacceptable under the circumstances. Toguchi, 391 F.3d at 1058; Jackson, 90 F.3d at 332. "

Here, plaintiff alleges that before he was arrested, he was informed by two physicians and three medical clinics that he needed a colonoscopy due to internal bleeding. (First Amended Complaint at 14, 19.) After his incarceration, plaintiff "went to the medical staff of the defendant, JB [Jeffrey Beard]" to request a colonoscopy, but was told that it cost too much. (Complaint at 14.) Plaintiff was told this by Drs. Haar and Lee, "the medical staff of defendant EV [E. Valenzuela]." (*Id.* at 19.) As a result, plaintiff is "walking around with internal bleeding with the fact he may die any day." (*Id.* at 14, 19.) He seeks damages. (*Id.* at 26.)

Plaintiff also alleges that he was initially classified as a high medical risk inmate due to his diabetes, high cholesterol, and high blood pressure. (First Amended Complaint at 4-5, 22-23.) Subsequently, his medical risk classification was decreased from high risk to medium risk, even though his medical condition did not change. (*Id.* at 22-23, 24-25.) Plaintiff contends that this was done to avoid releasing him under a court order providing for the early release of inmates classified as high medical risk. (*Id.* at 23.) As a result of the change, plaintiff receives less medical care and is at an increased risk of a stroke or heart attack.[1] (*Id.* at 23, 24-25.)

These factual allegations are wholly insufficient to state a plausible claim for deliberate indifference to serious medical needs. Plaintiff does not allege when he was told that he was suffering from internal bleeding and needed a colonoscopy. He does not allege when he was denied a colonoscopy and at what prison. He does not describe his medical condition at the time

---

[1] The Court reads these allegations as pertaining primarily to plaintiff's misclassification claim. That claim was dismissed, and the dismissal was affirmed by the Ninth Circuit. Plaintiff's allegations about his reclassification as a "medium medical risk" inmate remain relevant only to the extent he contends that he receives less medical care as a result of the change and that this lesser amount of care constitutes deliberate indifference to his serious medical needs.

his request for a colonoscopy was denied, or the diagnosis and medical treatment, if any, that he received for his "internal bleeding" at the prison. Moreover, if plaintiff later received a colonoscopy, he should allege that fact.

Similarly, plaintiff cannot base an Eighth Amendment claim on vague allegations that he is receiving less medical care for his diabetes, high cholesterol, and high blood pressure than he used to receive. Plaintiff must allege *facts* showing that the medical care he is receiving is so deficient as to be medically unacceptable. *See* Jackson, 90 F.3d at 332. Plaintiff does not even allege in what respect his medical care is deficient. Clearly, he *is* receiving medical care, given that he complains he is taking ten prescribed medications without having been adequately advised of possible side effects. (First Amended Complaint at 24-25.) Absent a factual underpinning, plaintiff's subjective belief that he is at a higher risk of a stroke and/or heart attack amounts to nothing more than a disagreement with prison medical staff regarding the nature of his medical treatment. *Id.*

Furthermore, it is unclear against which of the named defendants plaintiff is asserting his medical claims. "Liability under § 1983 must be based on the personal involvement of the defendant," and "plaintiff must allege facts , not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also* Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (stressing that inquiry into a defendant's causal connection to constitutional deprivation requires individualized consideration of duties and responsibilities). As the medical claim is the only claim remaining in this action, plaintiff should name as defendants in the Second Amended Complaint only those defendants against whom he is asserting his medical claim. Plaintiff should include individualized *factual* allegations with respect to each remaining defendant, showing how that defendant was deliberately indifferent to his serious medical needs.

Plaintiff should drop from the Second Amended Complaint those defendants against whom

he asserted only the claims that are no longer in the case. Plaintiff should also omit from the Second Amended Complaint factual allegations pertaining solely to the now-dismissed claims. Plaintiff's Second Amended Complaint should be limited to plaintiff's medical claim and the factual allegations supporting that claim.

## CONCLUSION

For the foregoing reasons, the First Amended Complaint is dismissed with leave to amend. If plaintiff wishes to pursue this action, he is granted 30 days from the date of this Memorandum and Order within which to file a Second Amended Complaint that attempts to cure the defects in the First Amended Complaint described herein. The Second Amended Complaint, if any, shall be complete in and of itself. It shall not refer in any manner to the original Complaint or the First Amended Complaint. **Plaintiff may not include new claims or new defendants without obtaining prior leave of court. Fed. R. Civ. P. 15(a).**

**Plaintiff is explicitly cautioned that his failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: March 5, 2015

_/s/ Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE