O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARREA JR., | Case No. 2:15-cv-01185-CAS(MAN) |
| Plaintiff, | |
| vs. | RESPONSE TO PLAINTIFF'S OPPOSITION TO MARCH 15, 2015 ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Dkt. No. 47, filed May 11, 2015) |
| JEFFREY BEARD, | |
| Defendant. | |

**I. INTRODUCTION AND BACKGROUND**

Plaintiff, a prisoner appearing *pro se*, initiated this lawsuit on August 3, 2013. Dkt. No. 1. On December 18, 2014, the United States Court of Appeals for the Ninth Circuit affirmed in part and vacated in part the dismissal of plaintiff's complaint by the United States District Court for the Northern District of California, and remanded for the district court to address plaintiff's claim for deliberate indifference to serious medical needs. Dkt. No. 30. On February 18, 2015, the case was transferred to this Court, assigned to the undersigned District Judge, and referred to Magistrate Judge Margaret A. Nagle. Dkt. No. 39.

On March 5, 2015, Judge Nagle dismissed plaintiff's operative First Amended Complaint ("FAC") with leave to amend. Dkt. No. 40. Judge Nagle applied the standards for "screening" a pro se civil rights complaint. Dkt. No. 42 at 1–2; see 28

U.S.C. § 1915A (directing courts to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and "dismiss . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted"). The order set forth United States Supreme Court and Ninth Circuit standards governing claims for deliberate indifference to serious medical needs, Dkt. No. 40 at 3–5, and concluded that the allegations in the FAC "are wholly insufficient to state a plausible claim for deliberate indifference to serious medical needs," id. at 5–6. In granting leave to amend, Judge Nagle specified what can and cannot be included in a Second Amended Complaint. Id. at 6–7. Judge Nagle granted plaintiff 30 days to file a Second Amended Complaint, and cautioned that his failure to do so "may result in a recommendation that this action be dismissed" pursuant to Federal Rule of Civil Procedure 41(b)." Id. at 7.

On March 31, 2015, the Court enlarged plaintiff's time to comply with the March 5, 2015 order to May 6, 2015. Dkt. No. 42. On April 13, 2015, plaintiff applied for an "extension of time to respond and answer to [the] March 5, 2015 order." Dkt. No. 45. On April 16, 2015, Judge Nagle granted plaintiff's application to the extent he sought enlargement of the time to file a Second Amended Complaint, extending that deadline to June 22, 2015. Dkt. No. 46.

Plaintiff has not filed a Second Amended Complaint. On May 11, 2015, plaintiff filed an "Opposition of Magistrate March 5, 2015 Order to Dismiss." Dkt. No. 47. Because it is not clear precisely what relief the motion seeks, the Court discusses two alternative possibilities below.

## II. MOTION FOR REVIEW UNDER FEDERAL RULE OF CIVIL PROCEDURE 72

Because the bulk of plaintiff's submission takes issue with the legal analysis in the March 5, 2015 order, it may be properly construed as a motion for review of that order by the undersigned, pursuant to Federal Rule of Civil Procedure 72. That Rule provides that for dispositive motions and prisoner petitions handled in the first instance

by Magistrate Judges, a party must serve and file any written objections "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). If that is plaintiff's intent, his motion is untimely, as it was not filed within 14 days of being served with a copy of Judge Nagle's order.

Even if the Court were to consider plaintiff's untimely submission, it would find no error in the March 5, 2015 order, which correctly applied the standard for failure to state a claim under § 1915A, and properly found that even construing the FAC liberally, it fails to state a claim. See Wilhelm v. Rotman, 580 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." (citing, *inter alia*, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))). Moreover, Judge Nagle granted plaintiff ample time to amend his complaint; indeed, plaintiff still has over a month in which to do so. See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (" 'Dismissal of a *pro se* complaint is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " (quoting Shucker v. Rockwood, 846 F.2d 1202, 1203–04 (9th Cir. 1988))).

### III. MOTION TO DISQUALIFY MAGISTRATE JUDGE NAGLE

Because plaintiff claims that Judge Nagle has a "bias . . . in favor of government entities historically," Mot. at 1–2, his motion may be properly construed as a motion to disqualify Judge Nagle under 28 U.S.C. §§ 144 and 455. Section 144 provides for disqualification whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." Id. Section 455 requires a judge or magistrate judge to disqualify herself in any proceeding in which she is actually biased, or in which her impartiality might reasonably be questioned. Under both statutes, the standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the

judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." Studley, 783 F.2d at 939; see also Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045–46 (9th Cir. 1987) (erroneous rulings do not justify a finding of judicial bias).

Here, plaintiff has identified no sufficient ground to disqualify Judge Nagle. Plaintiff asserts in a conclusory matter that Judge Nagle is biased "in favor of government entities historically," but offers no supporting details or evidence. Rather, the remainder of plaintiff's motion contends that Judge Nagle misapplied the standards for construing pro se civil rights complaints, and misreads Estelle v. Gamble, 429 U.S. 97 (1976). As set forth above, disagreement with a judicial officer's rulings is not a ground for disqualification. To the extent that plaintiff contends that Judge Nagle's bias is indicated by the fact that she issued an order dismissing plaintiff's complaint with leave to amend shortly after it was docketed, that argument fails because under the Prison Litigation Reform Act, the court is required to "review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

## III.   CONCLUSION

In accordance with the foregoing, plaintiff's motion is **DENIED**. If plaintiff wishes to proceed with this action, he should file a Second Amended Complaint no later than June 22, 2015, correcting the pleading deficiencies identified in the March 5, 2015 order.

Dated:  May 14, 2015

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE